**LAW OFFICE OF JASON RABINOVICH, PLLC.**
Jason Rabinovich, Esquire
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
*Attorneys for Plaintiff, Live Face on Web, LLC.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVE FACE ON WEB, LLC, | Civil Action No: |
| Plaintiff, | **COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| UNLIMITED OFFICE SOLUTIONS, LLC d/b/a GREEN TECHNOLOGY SERVICES, | |
| Defendant. | |

Plaintiff, Live Face on Web, LLC ("LFOW" or "Plaintiff"), by and through its undersigned counsel, brings the following Complaint against Defendant, UNLIMITED OFFICE SOLUTIONS, LLC /b/a GREEN TECHNOLOGY SERVICES, (hereinafter referred to as "Defendant"), and avers as follows:

**NATURE OF THE ACTION**

1.   This is an action for a federal claim of copyright infringement as against the named Defendant.

## THE PARTIES

2. Plaintiff, Live Face on Web, LLC, is a Pennsylvania limited liability company with its principal place of business at 1300 Industrial Boulevard, Suite 212, Southampton, PA 18966.

3. Upon information and belief, Defendant, UNLIMITED OFFICE SOLUTIONS, LLC /b/a GREEN TECHNOLOGY SERVICES, is a New Jersey company with its principal place of business at 14 S Railroad Avenue, Pedricktown, NJ 08067.

## JURISDICTION AND VENUE

4. This action arising under the U.S. Copyright Act (17 U.S.C. §501 *et seq*.), and thus this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. As fully set forth herein, Defendant has misused and distributed LFOW's software and/or source code(s) and derivative works thereof, which are the subject of U.S. Copyright Registrations.

6. This Court has personal jurisdiction over the Defendant because the Defendants have conducted business in, and have had continuous and systematic contacts with the State of New Jersey and this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District, a substantial part of the property that is the subject of the action is situated in this District, and Defendant is located in this District.

**FACTUAL ALLEGATIONS**

I. **Plaintiff's Business and Copyrighted Technology**

8. LFOW is a leading developer and owner of "live person" software ("LFOW Software").

9. The LFOW Software allows a company to display a video of a "walking" and "talking" personal host who introduces a website to an online visitor. The personal host is, in effect, a spokesperson for the specific company for whom the video has been created. Typically the spokesperson explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website. The LFOW Software is representative of LFOW's advertising idea; LFOW (and its customers) advertise services and solicit business through the use of a website spokesperson, which is typically tailored to specific products and services found on the associated website.

10. The LFOW Software enables a company to customize and dynamically modify settings and functionality of the spokesperson. By way of example, a customer utilizing the LFOW Software can: (a) manipulate the positioning of the spokesperson on its website and select between static, relative or dynamic positioning features; (b) adjust the delay between the time an online visitor enters the website and the start time of the spokesperson's presentation; (c) select the number of times a presentation plays for each particular visitor; and (d) select "click on me" functionality that directs a user to a predetermined page or section of the website which promotes goods or services and/or reinforces the image and brand of the customer.

11. The LFOW Software seeks to enhance a web site by using a real spokesperson to capture, hold and prolong the attention of the average online visitor, enhancing the ability of the website to advertise specific products and services. This technique has a direct positive

impact on sales and/or the brand, public image and reputation of any company that has an online presence.

12. When a web browser is directed to a website which has incorporated LFOW Technology, the website distributes a copy of the LFOW Software, which is automatically downloaded by the web browser into cache and/or computer memory and/or hard drive, allowing the launch of the specified video using the LFOW Software. As a result, every time a website with LFOW's Software is visited, a copy of LFOW's Software is distributed to the website visitor.

13. Because the LFOW Software is written in JavaScript, it is possible to view the actual source code of the LFOW Software through a web browser. Anyone who accesses a website that has implemented LFOW's Technology has access to the LFOW Software. Additionally, any website visitor can download the LFOW Software and view it on virtually any text viewer or editor software (such as Word®, Notepad, etc.).

14. The LFOW Software is licensed to customers for a license fee by LFOW, which also receives fees for other services. The LFOW Software is also subject to the terms and conditions of LFOW's End User License Agreement ("EULA"). Since at least October 2007, LFOW has included the web address where the EULA can be found, thus anyone who accessed any version of LFOW's Software since that time had notice of the EULA.

15. LFOW has registered the LFOW Software. Pertinent to this action, on December 20, 2007, LFOW duly registered the copyright in the LFOW Software version 7.0.0 (TXu001610441) in the United States Copyright Office, as evidenced by the certificate of registration issued by the Register of Copyrights which is attached hereto as Exhibit A. A true and accurate copy of the deposit work for TXu001610441 is attached hereto as Exhibit

A1.

## II. Defendant's Copyright Infringement

16. Defendant is a New Jersey company that owns, and/or operates and/or controls the website http://mypceagleeye.com (Defendant's website"). A copy of the source code from the Defendant's website is found at Exhibit B.

17. Upon information and belief, Defendant is or was a customer of Tweople, Inc. (or a predecessor, collectively referred to herein as "Tweople").

18. Upon information and belief Defendant has operated its website using an unlawful version of LFOW's Software it acquired originally from Tweople.

19. Upon information and belief, to implement the infringing software, the Defendant's website was modified by Defendant to include the following website source code: "http://tweople.com/client/ip_player.js?swf=http://tweople.com/client/1137.swf&amp;flv=http://flash.yourvideopartner.com/complete/1137.flv&amp;start=normal&amp;close=shrink&amp;play_when=2&amp;align_right=true&amp;show_loading=yes&amp;width=480&amp;height=360&amp;vlm=80&amp;x_off=185", as shown in Exhibit B. This modification links the Defendant's website to the infringing software, a copy of which is found at Exhibit C, which is necessary to launch and display the video spokesperson on the Defendant's website.

20. The accused software, Exhibit C, is substantially similar to LFOW's Software, and includes one or more instances of "LFOW," which is a reference to LFOW. The accused software also includes the unique prefixes "lf_," which were arbitrarily chosen by LFOW to mark its code and indicate LFOW's unique and original code. There is no functional value to the use of the letters "LFOW" or "lf_" in the LFOW Software. Instead, these were both

chosen as references to LFOW and its code.

21. As a result of the modification to the Defendant's website referenced above, a copy of the infringing software is distributed by Defendant to each visitor to it's website, which is necessarily stored on the website visitor's computer.

22. Defendant intends for a copy of the infringing software to be distributed to website visitors, as this is necessary for the video spokesperson to appear on the screen of the website visitor. The volitional distribution of the infringing software by Defendant to its website visitors is seamless and transparent for the website visitors, who are able to view the video spokesperson advertising Defendant's products and/or services by virtue of receiving the copy of the infringing software.

23. When a web browser retrieves a page from the Defendant's website, a copy of the accused software is distributed to the website visitor and stored on the visitor's computer. Accordingly, each visit to the Defendant's website is a new act of copyright infringement.

24. The video spokesperson that launches on Defendant's website is a result of Defendant's distribution of the infringing software, which advertises and promotes the products and/or services of Defendant, thus providing a monetary benefit to Defendant. Thus, Defendant's copyright infringement of LFOW's Software is in its advertising, and the infringement is for the purpose of advertising its products and/or services.

25. Upon information and belief, during at least a portion of the period of infringement Tweople has hosted the infringing software for Defendant. Thus, not only does Defendant distribute copies of the infringing software by virtue of its website, it also directs and controls the distribution of copies of the infringing software by virtue of its modifications to the Defendant's website. Defendant has the right and ability to supervise the infringement

and the infringer, Tweople, but fails to do so. Instead, the Defendant's website was modified by Defendant to link to the infringing software and cause the distribution of the infringing software for promoting Defendant.

26. In order to present the subject advertisement on Defendant's website, Defendant used and distributed without permission, and therefore infringed upon, the subject Copyrighted LFOW Software Package.

27. Since the date it first began using LFOW's Software package(s) and until approximately 2013, Defendant has continuously infringed upon and distributed the subject Copyrighted LFOW Software Package. The exact dates of the infringement can only be ascertained through discovery.

28. In the subject advertisement(s) on Defendant's website, Defendant through its spokesperson advertises, *inter alia*, how great Defendant and/or its product(s) and/or service(s) are and strongly encourages the end user customers to purchase and/or use Defendant's product(s) and/or service(s).

29. Defendant profits directly from and has a direct financial interest in the infringement, because the use of the infringing software allows Defendant to more effectively promote and sell its products and/or services by capturing, holding and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of Defendant.

30. The LFOW Software is a powerful sales and advertising tool for Defendant to generate revenues and profits and, upon information and belief, the use and misuse of the LFOW Software by Defendant did in fact generate significant revenues and profits for Defendant, as more fully described below.

31. Defendant unlawfully and continuously used the subject LFOW Software on unauthorized Web Page(s) for which Defendant did not pay applicable fees to LFOW.

32. The unlawful use, reproduction and/or distribution of the LFOW Software on the Defendant's website constitutes infringement of LFOW's intellectual property rights, including, without limitation, LFOW's registered copyrighted material(s).

33. As the owner of registered copyright material in the LFOW Software, LFOW has an interest in protecting its rights against such intellectual property infringement.

34. As a result of foregoing conduct of Defendant, LFOW has suffered significant harm and loss.

35. Upon information and belief, Defendant actively induced end users to visit its website(s), and thereafter distributed the accused software to end users (e.g. Defendant's customers, agents, or website visitors) numerous times. The actual number can only be ascertained through discovery.

36. Defendant has caused, enabled, facilitated, and/or materially contributed to the infringement by, *inter alia*, distributing copies of the accused software to each visitor via the Defendant's website(s) and refused to exercise its ability to stop the infringement made possible by the modification and continuous operation of its website(s).

37. As the owner of the registered copyright in the LFOW Software, Plaintiff has an interest in protecting its rights against such copyright infringement.

38. Under the authority of 17 U.S.C. § 504, Plaintiff is entitled to elect whether to recover statutory damages against Defendant for each act of copyright infringement.

39. Where Defendant initiated or continued the infringing conduct while aware of

the infringement, these actions were the result of reckless disregard for, or willful blindness to LFOW's rights, and therefore constitute volitional conduct and willful infringement.

## COUNT ONE
### Copyright Infringement

40. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

41. Count One is an action under 17 U.S.C. § 501 for direct, indirect, vicarious, and/or contributory infringement of registered copyright(s) as against the Defendant named in this Complaint.

42. LFOW is the owner of valid copyright registration TXu001610441.

43. LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

44. The past and ongoing use and distribution of the LFOW Software by Defendant result in actual damage to LFOW, including but not limited to the loss of licensing revenue, the profits on sales lost as a result of Defendant's infringement, and the diminution of the value of LFOW's rights.

45. Defendant, through its agent(s), vendor(s), officer(s), and/or employee(s), copied portions and/or entirety of the LFOW Software.

46. Defendant profited from the infringement while declining to exercise a right to stop or limit it.

47. Defendant intentionally induced and/or encouraged direct infringement of the LFOW Software by distributing the source code via their website(s) and/or seeking out the LFOW Software in order to use it on their website(s).

48. Additionally, where Tweople hosts the infringing source code for Defendant, Tweople is also a direct infringer by distributing copies of the infringing source code. Defendant profits from and has a direct financial interest in the infringement because the use of the infringing source code allows Defendant to more effectively promote and sell its product(s) and/or service(s) on its own website(s) by capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or brand, public image and reputation of Defendant. Defendant has the right and ability to supervise the infringement and infringer by virtue of its ownership and control of its own website, but failed to do so.

49. Where Defendant initiated or continued the infringing conduct with knowledge of the infringement, these actions were the result of reckless disregard for, or willful blindness to LFOW's rights, and therefore constitute willful infringement.

50. Unless Defendant is restrained and enjoined from their unauthorized use and distribution of the LFOW Software, these injuries will continue to occur.

51. Irreparable harm and injury to LFOW are imminent as a result of Defendant's conduct and LFOW is without an adequate remedy at law.

52. Pursuant to 17 U.S.C. § 502(a), LFOW is entitled to an injunction restraining Defendant, its employees and agents, and all other persons acting in concert with Defendant, from engaging in any further improper acts.

53. Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order impounding the infringing articles and the means by which such infringing articles were produced and/or reproduced.

54. Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages

and any profits of Defendant, or, alternatively, to recover statutory damages of up to $150,000 for each work infringed.

55.     Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

WHEREFORE, LFOW asks this Court to enter preliminary and final orders and judgments as necessary to provide LFOW the following requested relief:

- a) Finding Defendant liable for copyright infringement by virtue of Defendant's past and ongoing unauthorized use of LFOW's Software;
- b) Finding Defendant's copyright infringement to be voluntary and an intentional violation of Defendant's known duties, and therefore willful;
- c) Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;
- d) A permanent injunction under 17 U.S.C. §§502 and 503, enjoining Defendant from further infringement, including but not limited to the cessation of operation of Defendant's website(s);
- e) An award of damages against Defendant under §504;
- f) An award under 17 U.S.C. § 505 allowing recover of the full costs of this action, including LFOW's reasonable attorneys' fees and costs; and
- g) Such and other relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

        Respectfully submitted,
        **Law Offices of Jason Rabinovich, PLLC.**

        By:___/s/ Jason Rabinovich, Esq._____
        Jason Rabinovich, Esq.
        1700 Market Street, Suite 1005
        Philadelphia, PA 19107
        Tel: (267) 423-4130
        Fax: (610) 862-3764
        Email: JasonRabinovich@jasonrabinovichlaw.com

        *Attorneys for Plaintiff, Live Face on Web, LLC.*

Dated: June 12, 2014